# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY
# NEWARK DIVISION

| | |
|---|---|
| MICHAEL ADAMS d/b/a BEHIND THE SCENES MARKETING,<br><br>   Plaintiff,<br><br>  vs.<br><br>ASHLAND INC. and INTERNATIONAL SPECIALTY PRODUCTS, INC.,<br><br>   Defendants.<br><br>INTERNATIONAL SPECIALTY PRODUCTS, INC.,<br><br>   Counterclaim-Plaintiff,<br><br>  vs.<br><br>MICHAEL ADAMS d/b/a BEHIND THE SCENES MARKETING,<br><br>   Counterclaim-Defendant. | CASE NO: 2:13-CV-06173 |

## ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIM

  Defendants Ashland, Inc. ("Ashland") and International Specialty Products, Inc. ("ISP") (collectively, "Defendants"), by their attorneys, respectfully submit the following Answer, Affirmative Defenses, and Counterclaim to the Complaint by Michael Adams d/b/a Behind the Scenes Marketing ("Adams" or "Plaintiff").

# ANSWER

1. Defendants admit that Adams purports to allege claims arising from the United States Copyright Act, 17 U.S.C. § 1 *et. seq.* Except as expressly admitted, denied.

2. Admitted.

3. Admitted.

4. Admitted.

5. Admitted.

6. Defendants lack sufficient information to either admit or deny the allegations in Paragraph 6, and therefore deny same.

7. Admitted.

8. Admitted.

9. Denied.

10. Defendants lack sufficient information to either admit or deny the allegations in Paragraph 10, and therefore denies same.

11. Denied.

12. Defendants admit that ISP collaborated with Adams from 2004-2011 to create packaging and promotional material for certain of ISP's goods, and that Adams was compensated therefor. Except as expressly admitted, denied.

13. Denied.

14. Defendants admit there was no work for hire agreement between Plaintiffs and Defendants under Section 101 of the Copyright Act. Except as expressly admitted, denied.

15. Denied.

16. Defendants admit Plaintiff never entered into a joint ownership agreement with ISP. Defendants expressly deny that such an agreement is necessary to create joint authorship in a work.

17. Denied.

18. Defendants admit that Plaintiff never assigned any copyrighted material to Defendants. Except as expressly admitted, denied.

19. Admitted.

20. Denied.

21. Defendants admit that Plaintiff never consented or gave permission to Ashland for the use of any copyrighted materials he may own. Defendants expressly deny that such consent or permission was required, and expressly deny the remaining allegations in Paragraph 21.

22. Defendants deny that a "merger" occurred between Ashland and ISP. Defendants expressly deny the remaining allegations in Paragraph 22.

23. Denied.

24. Defendants admit that Ashland sent a form letter dated April 1, 2013 to all Ashland/ISP contractors, which letter speaks for itself. Defendants deny the remaining allegations of Paragraph 24.

25. Defendants lack sufficient information to either admit or deny the allegations of Paragraph 25, and therefore deny same.

26. Denied.

27. Denied.

28. Denied.

29. Defendants admit that Plaintiff notified Defendant ISP and accused it of copyright infringement. Defendants deny the remaining allegations in Paragraph 29.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

34. Defendants admit that Plaintiff notified Defendant Ashland via letter to Defendant ISP and accused it of copyright infringement. Defendants deny the remaining allegations in Paragraph 34.

35. Denied.

36. Denied.

Defendants deny that Plaintiff is entitled to any relief sought in his prayer for relief.

## **AFFIRMATIVE DEFENSES**

1. Defendants incorporate by reference all of its responses to Paragraphs 1-36 of its Answer as if fully set forth herein.

2. The Complaint fails to state a claim upon which relief may be granted.

3. The works at issue are "joint works" under the Copyright Act, and Defendant ISP is a co-author/joint author thereof, because it contributed independently copyrightable material to the works at issue, with the intent they be combined in a single work.

4. ISP has not assigned any rights it may have in the works, and Ashland's acquisition of ISP's stock does not transfer ownership of any existing licenses possessed by ISP.

5.      ISP continues to use the allegedly licensed materials for its own benefit as initially intended and does not exceed the scope of any purported "implied license" it has to use the works.

6.      ISP provided consideration for the alleged nonexclusive license, thereby rendering it irrevocable.

7.      The Complaint is barred by the equitable doctrines of estoppel, laches, waiver, acquiescence, and/or unclean hands.

8.      Adams has not suffered any damages attributable to, or caused by, Defendants.

9.      Adams has failed to mitigate his damages, if in fact there are any.

10.     Adams is statutorily barred by 17 U.S.C. § 412(2) from recovery of statutory damages or attorney's fees from Defendants because he did not timely register his works prior to commencement of the alleged infringement.

11.     Defendants reserve the right to supplement and/or modify its responses and defenses asserted herein.

## COUNTERCLAIM

Pursuant to Federal Rule of Civil Procedure 13, Defendant-Counterclaim Plaintiff International Specialty Products Inc. ("ISP") hereby states the following counterclaim against Plaintiff-Counterclaim Defendant Michael Adams d/b/a Behind The Scenes Marketing as follows:

### Nature of Suit

1.      Counterclaim-Plaintiffs ISP bring this action for a judgment declaring that Counterclaim-Defendant Michael Adams d/b/a Behind The Scenes Marketing is not the sole author and owner of the copyright in certain works of visual arts, namely, product packaging and

marketing materials designed for use by ISP in connection with its sale of Gafchromic® radiotherapy films, and that ISP is a "joint author" all such "Joint Works," as defined by the United States Copyright Act, 17 U.S.C. § 101 *et seq.*

## Parties

2.  Counterclaim Plaintiff ISP is a corporation organized and existing under the laws of the State of Delaware, with a principle place of business at 1361 Alps Road, Wayne, New Jersey 07470.

3.  Counterclaim Defendant Michael Adams d/b/a Behind the Scenes Marketing is an individual residing at 90 Windsor Drive, Pine Brook, NJ 07058.

## Jurisdiction and Venue

4.  This is an action for declaratory relief under 28 U.S.C. § 2201, and under the Copyright Act as provided by 17 U.S.C. § 101 *et. seq.*.

5.  This Court has subject matter jurisdiction over this matter pursuant to 38 U.S.C. § 1331 since it arises under the laws of the United States, namely the Copyright Act, and supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

6.  Personal jurisdiction and venue in this Court are proper pursuant to 38 U.S.C. § 1391, because Plaintiff consented to personal jurisdiction in this judicial district by bringing the current lawsuit against Counterclaim-Plaintiffs.

## Background Facts

7.  Incorporated on August 6, 1996, Counterclaim-Plaintiff ISP and its wholly-owned subsidiaries are engaged in the business of manufacturing, supplying, distributing, marketing, and selling chemicals that enhance product performance for a wide variety of applications.

8. ISP's innovative portfolio of chemistries included, among others, processorless film dosimetry systems designed to provide fast and precise measurements for radiology applications in modern medical centers, which it offers under its GAFCHROMIC® trademark.

9. Between 2004-2011, ISP contracted and collaborated with Counterclaim-Defendant Adams for the development, creation, editing, revision, and printing of advertisements, packaging, and other graphic design for use in connection with ISP's Gafchromatic® films (the "Alleged Works").

10. Adams' graphical designs were combined and integrated with copyrightable material, trademarks, and other elements supplied by ISP, such as logos, text, images, color schemes, and other images and graphics, to create a unitary whole in each of the Alleged Works.

11. Counterclaim-Plaintiff ISP compensated Counterclaim-Defendant Adams for his work in connection with the Alleged Works.

12. In August 2011, Defendant Ashland, Inc. acquired 100% of the stock of ISP pursuant to a Stock Purchase Agreement ("SPA").

13. At all times before and subsequent to the SPA, ISP has maintained its separate corporate status as a company duly incorporated and in good standing under the laws of the State of Delaware.

14. Since its entry in the SPA, ISP has continued to manufacture and distribute its Gafchromic® films.

15. On December 19, 2012, Counterclaim-Defendant Adams filed a series of copyright applications in the Alleged Works, thus securing December 19, 2012 as the effective Registration Date for each of the works. Attached as Exhibit A and incorporated by reference

7

are Copyright Office database records of these filings, printed on November 21, 2013 from the United States Copyright Office online Copyright Catalog.

16. For each of these registrations, Adams claimed sole authorship in the Alleged Works and identified his authorship as "2-D artwork" or "text and 2-D artwork," and for each work he identified substantial amounts of "pre-existing material" that is excluded from his claim of authorship, including but not limited to text, logos, graphics, images, and charts.

17. A substantial amount of the materials that comprise the Alleged Works were authored by, revised by, edited by, and otherwise included under the direction of ISP employees, whose contributions are owned by ISP as a matter of law under the work made for hire doctrine.

18. Despite these substantial contributions, Adams failed to properly identify ISP as a co-author on the Alleged Works when he filed for copyright registration.

## Counterclaim:
## Declaration of Co-Authorship

19. ISP incorporates by reference Paragraphs 1-18 above as if fully set forth herein.

20. Counterclaim-Defendant Michael Adams d/b/a Behind The Scenes Marketing is not the sole owner of the copyright in the Alleged Works, namely, product packaging and marketing materials designed for use by ISP in connection with its sale of Gafchromic® radiotherapy films.

21. The Asserted Works are "Joint Works," as defined by 17 U.S.C. § 101, because they were prepared by two or more authors with the intention that their contributions be merged into inseparable or interdependent parts of a unitary whole.

22. ISP is a joint author or co-author of the Asserted Works because it contributed independently copyrightable material to the works at issue, with the intent they be combined in a single work,

8

23. As a joint author of the Alleged Works, ISP is entitled to all benefits of copyright ownership, including the right to reproduce, display, distribute, and create derivative works from the Alleged Works, and to grant a license in the unitary whole.

24. In view of the foregoing, ISP is entitled to a declaration that it is a co-author of the Alleged Works.

WHEREFORE, Defendant-Counterclaim-Plaintiff International Specialty Products Inc. and Defendant Ashland, Inc. respectfully request the Court:

(1) Dismiss Plaintiff Michael Adams d/b/a/ Behind the Scenes Marketing's Complaint with prejudice, and award Defendants' attorneys' fees and costs as the "prevailing party" pursuant to 17 U.S.C. § 505, plus prejudgment and post-judgment interest;

(2) Declare Defendant-Counterclaim-Plaintiff International Specialty Products Inc. as the co-author of the Alleged Works and any other works that incorporate materials authored by Adams for use by ISP in connection with packaging and advertisements for its GAFCHROMIC® films;

(3) Order the United States Copyright Office to cancel the registrations identified in Exhibit A of the Complaint or, alternatively, to amend all such registrations to reflect ISP as the co-author thereof;

(3) Award to Defendants any other relief this Court finds just and equitable.

Date:   November 25, 2013

Respectfully submitted,

*Rebecca Brazzano*
Rebecca Brazzano
Thompson Hine LLP
335 Madison Avenue, 12th Floor
New York, New York 10017-4611
Direct 212.908.3941
Fax 212.344.6101
rebecca.brazzano@thompsonhine.com

Attorney for Defendants Ashland, Inc. and
International Specialty Products, Inc.

*Of Counsel*:
Carrie A. Shufflebarger
Thompson Hine LLP
312 Walnut Street, Fourteenth Floor
Cincinnati, Ohio 45202
Direct 513.352.6678
Fax 513.241.4771
carrie.shufflebarger@thompsonhine.com

10

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing is being served via the Court's CM/ECF system on all counsel of record on this 25th day of November, 2013.

_____
Rebecca Brazzano